

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00299-CR

---

RANDALL GENE LOONEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1584436D, Honorable Steve Jumes, Presiding

---

March 15, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Randall Gene Looney, appeal his conviction for continuous sexual abuse of a child[1] and sentence to thirty years' confinement.[2]  The appellate record was originally due November 28, 2022.  The clerk's record was filed by this deadline, but the reporter's record was not.  We subsequently granted the reporter three extensions to file

---

[1] *See* TEX. PENAL CODE ANN. § 21.02.

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

the reporter's record due to her caseload. By letter of January 27, 2023, we admonished the reporter that no further extensions would be granted and that failure to file the reporter's record by February 27 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, the reporter's record has not been filed and the reporter has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a

supplemental clerk's record and cause that record to be filed with this Court by April 14, 2023.

Should the reporter file the record on or before March 29, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.